NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Arnulfo Tomas-Ramirez,<br><br>  Petitioner,<br><br>  v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>  Respondent. | No. 21-656<br><br>Agency No.   A213-613-299<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023[**]
Pasadena, California

Before: GILMAN[***], FORREST, and H.A. THOMAS, Circuit Judges.

Petitioner Arnulfo Tomas-Ramirez, a native and citizen of Guatemala,

seeks review of the Board of Immigration Appeals' (BIA) denial of his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

application for withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Where, as here, the BIA conducts its own review of the evidence and law, our "review is limited to the BIA's decision, except to the extent the [Immigration Judge's] opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted). We review the "BIA's legal conclusions de novo and its factual findings for substantial evidence." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (internal quotation marks and citation omitted).

Substantial evidence supports the BIA's determination that Tomas-Ramirez would not be persecuted on account of any protected ground if removed to Guatemala. Tomas-Ramirez claims that he will be persecuted in Guatemala based on his Mayan ethnicity and family membership. Like the BIA, we assume that these two proposed social groups are cognizable. Regarding his social group based on ethnicity, Tomas-Ramirez presented evidence that as a child he suffered discrimination and harassment by a schoolteacher because he is Mayan. Persecution, however, "is an extreme concept that means something considerably more than discrimination or harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). The record does not compel the conclusion that the mistreatment

---

[1] Because Tomas-Ramirez does not appeal the agency's denial of his due process claim or its denial of his requests for asylum, protection under the Convention Against Torture, and voluntary departure, he has forfeited any challenge related to those claims. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) (failure to develop argument in opening brief constitutes forfeiture).

Tomas-Ramirez faced as a child rose to the level of persecution. *See Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir. 2004) ("[A]s morally reprehensible as it may be," discrimination based on race "does not ordinarily amount to 'persecution.'").

Turning to his family social group, Tomas-Ramirez fears returning to Guatemala based on mistreatment that his mother and sister suffered in connection with their opposition to the construction of a hydroelectric dam near their town. The harm that his mother and sister suffered occurred after he left Guatemala, and the dam construction ceased in 2016. There is no evidence that anyone would seek to harm *him* if he returned to Guatemala. *See Tamang v. Holder*, 598 F.3d 1083, 1091–92 (9th Cir. 2010) (concluding that the petitioner, "who was not in the country at the time he claims to have suffered past persecution," could not show past persecution based on harm to his family because "harm to others may [not] substitute for harm to an applicant"). He does not allege that anyone has threatened him in connection with his family members or their opposition to the dam, making the possibility of such harm speculative. *See Sharma*, 9 F.4th at 1065 (finding possibility of future persecution "speculative"). Notably, Tomas-Ramirez has not lived in Guatemala since 2012, and that his father and three of his siblings still live there safely undermines the reasonableness of his claimed fear of future persecution. *See id.* at 1066.

Finally, Tomas-Ramirez claimed before the agency that he was persecuted by the MS-13 gang when he was young after refusing to participate in gang

activities. Even assuming that he has not forfeited this argument by not raising it in his brief to this court, the record does not compel the conclusion that any such persecution was on account of Tomas-Ramirez's ethnicity or family association.

**PETITION DENIED.**